**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


Linda L'Esperance

    v.                               Civil No. 11-cv-555-LM

HSBC Consumer Lending, Inc.;
HSBC Finance Corporation; HSBC
Group a/k/a HSBC Bank, NA a/k/a
HSBC North American Holdings, Inc.;
Household International, Inc.;
Beneficial Corporation; and Manhattan
Mortgage Corporation



**O R D E R**

    In an action that has been removed from the New Hampshire Superior Court, Linda L'Esperance has sued in eight counts, asserting claims arising from the origination and servicing of a refinancing loan.  Before the court is a motion to dismiss filed by one of the six defendants, HSBC Consumer Lending, Inc. ("HSBC Lending").  L'Esperance objects.  For the reasons that follow, HSBC Lending's motion to dismiss is granted, but without prejudice to L'Esperance filing an amended complaint.


**The Legal Standard**

    A motion to dismiss for "failure to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6), requires the court to conduct a limited inquiry, focusing not on "whether a plaintiff will ultimately prevail but whether the claimant is

entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  That is, the complaint "must contain 'enough facts to raise a reasonable expectation that discovery will reveal evidence' supporting the claims." Fantini v. Salem State Coll., 557 F.3d 22, 26 (1st Cir. 2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

When considering a motion to dismiss under Rule 12(b)(6), a trial court "accept[s] as true all well-pled facts in the complaint and draw[s] all reasonable inferences in favor of plaintiffs." Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp., 632 F.3d 762, 771 (1st Cir. 2011) (quoting SEC v. Tambone, 597 F.3d 436, 441 (1st Cir. 2010)). But, "naked assertions devoid of further factual enhancement need not be accepted." Plumbers' Union, 632 F.3d at 771 (1st Cir. 2011) (quoting Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir. 2009)).  Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" United Auto., Aero., Agric. Implement Workers of Am. Int'l Union v. Fortuño, 633 F.3d 37, 41 (1st Cir. 2011) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to

relief that is plausible on its face." <u>United Auto Workers</u>, 633 F.3d at 40 (citation omitted).  On the other hand, a Rule 12(b)(6) motion should be granted if "the facts, evaluated in [a] plaintiff-friendly manner, [do not] contain enough meat to support a reasonable expectation that an actionable claim may exist." <u>Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co.</u>, 547 F.3d 48, 51 (1st Cir. 2008) (citations omitted).  That is, "[i]f the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." <u>Plumbers' Union</u>, 632 F.3d at 771 (citation omitted).

## Background

The following facts are drawn from L'Esperance's complaint, plus two loan agreements and a mortgage that have been effectively merged into the complaint.  <u>See</u> <u>United Auto Workers</u>, 633 F.3d at 39 (explaining that "when a complaint's factual allegations are expressly linked to – and admittedly dependent upon – a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it") (quoting <u>Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.</u>, 524 F.3d 315, 320 (1st Cir. 2008)).

On October 23, 2008, L'Esperance entered into agreements with Beneficial New Hampshire Inc. ("Beneficial NH"), for a home loan in the amount of $385,600.40 and a personal-credit-line account.  Mot. to Dismiss, Ex. A (doc. no. 5-2), at 2, Ex. B (doc. no. 5-3), at 2.  The home loan was secured by a mortgage. See id., Ex. C (doc. no. 5-4).  The "Truth-in-Lending Disclosure" section of the home-loan agreement states that L'Esperance is obligated to make 288 monthly payments of $4,231.10 each, and lists the annual percentage rate of the loan as 12.498 percent.[1]  See id., Ex. A, at 2.  The agreement for the personal-credit-line account lists a monthly periodic rate of 1.999 percent and an annual percentage rate of 23.98 percent. See id., Ex. C, at 2.  The purpose of the credit line was to cover closing costs associated with the home loan.  L'Esperance alleges that the terms of her two loans are not beneficial to her, owing to their "usurious interest rates, . . . excessive costs, and atypical terms."  Compl. ¶ 9.

Before L'Esperance entered into the two loan agreements, no defendant ever told her that she had the ability to negotiate the terms of her loans.  At some point, some person – the complaint does not say who – told L'Esperance that if she paid

---

[1] Another section of the home-loan agreement lists the "contract rate" as 12.023 percent.  See Mot. to Dismiss, Ex. A (doc. no. 5-2), at 5.

her home loan on time for the first six months, the interest rate would be adjusted downward.[2]  The complaint is ambiguous, at best, with regard to when that statement was made.  Compare Compl. ¶ 10 (describing the statement as having been made "[w]hen it came to close the loan") with id. ¶ 39 (describing the statement as having been made "during the loan origination and servicing process").  After L'Esperance made payments on time for six months, she "went to adjust the rate on the loans down as had been promised to her," Compl. ¶ 10, but no downward adjustment was ever made.  The complaint does not indicate to whom L'Esperance went to adjust her interest rate.

When L'Esperance got her loans, her "debt to income ratio was in excess of reasonable and lawful parameters."[3]  Compl. ¶ 12.  Specifically, repayment of the home loan alone requires approximately sixty percent of L'Esperance's monthly income, while repayment of both loans requires approximately 120 percent of her monthly income.

According to L'Esperance, defendants – again, she does not say which one(s) – agreed with the United States Treasury Department to participate in the Home Affordable Modification

---

[2] No such provision appears anywhere in the written loan agreement.

[3] The complaint does not indicate with any precision the basis for L'Esperance's conclusion that her debt-to-income ratio was in excess of lawful parameters.

Program ("HAMP"), under which they were obligated to work with
borrowers to modify their mortgages to help them avoid
foreclosure.  Defendants – L'Esperance does not indicate which
one(s) – allowed her a temporary trial modification of her loan,
under HAMP, but did not grant her a permanent modification on
the same terms as the trial modification.

Based on the foregoing, L'Esperance filed an eight-count
complaint, seven counts of which are at issue here.  In
pertinent part, L'Esperance's complaint describes the defendants
in the following way:

> Defendants HSBC Consumer Lending Inc. a/k/a and
> d/b/a Beneficial Company, LLC, are consumer lending
> and servicing branch offices and/or subsidiaries of
> Defendant HSBC Finance Corporation, a subsidiary of
> Defendant HSBC Group a/k/a HSBC Bank USA, NA a/k/a
> HSBC North American Holdings, Inc. (reportedly one of
> the ten largest bank holding companies in the United
> States with assets of US $366.3 billion on June 30,
> 2011), and other related names.  On information and
> belief, HSBC Finance Corporation acquired Defendant
> Household International, Inc. in 2003, and Household
> International, Inc. had previously acquired Defendant
> Beneficial Corporation in 1998.  These entities,
> jointly and through their affiliation with each other,
> originated two loans on the Plaintiff's Seabrook home,
> such loans closing on October 23, 2008.

Compl. ¶ 2.  In its corporate disclosure statement, filed
pursuant to Local Rule 7.5, HSBC Lending represents that "it is
a wholly owned subsidiary of HSBC Finance Corporation (f/k/a
Household International, Inc.), which is a wholly owned

subsidiary of HSBC Holdings plc, a United Kingdom Corporation." Doc. no. 2, at 1.

In her complaint, L'Esperance makes the following claims: (1) the "HBSC/Beneficial defendants"[4] are liable for "predatory lending, fraudulent and unfair practices, breach of obligation of good faith, and negligence," (Count I); (2) the "HBSC/Beneficial defendants" are liable for "mortgage compliance violations," (Count II); (3) the "HBSC/Beneficial defendants" are liable for "HOEPA, RESPA, FACTGA, ECOA and other statutory and common law violations," (Count III); (4) all defendants are liable for "negligent, fraudulent, or intentional misrepresentations," (Count IV); (5) the "HBSC/Beneficial defendants" are liable for "broken promises under HAMP and of obligations of good faith and contract in mortgage modification," (Count V); (6) all defendants are liable for violating New Hampshire's Consumer Protection Act, N.H. Rev. Stat. Ann. Chapter 358-A (Count VI); and (7) all defendants are liable for "willful and oppressive conduct," (Count VII).

## Discussion

HSBC Lending moves to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Federal Rules"), or, in the

---

[4] The court presumes that L'Esperance's reference to "HBSC" rather than "HSBC" is a typographical error.

alternative, it seeks a more definite statement, under Rule 12(e).  HSBC Lending argues that L'Esperance's complaint, as a whole, falls short of the standard required by the Federal Rules, as interpreted by <u>Iqbal</u> and <u>Twombly</u>.  In addition, HSBC Lending makes substantive legal arguments regarding several of the causes of action on which L'Esperance's claims are based. L'Esperance disagrees.  She argues that "dismissal of a state court brought suit electively removed by a defendant on grounds that the state writ is not a federal complaint would work patent and nonsensical injustice."  Pl.'s Obj. (doc. no. 10-1), at 2. She also responds to HSBC Lending's specific legal arguments. Based upon the manifest inadequacy of L'Esperance's pleading, HSBC Lending is entitled to dismissal of all seven of L'Esperance's claims against it.

### A. Count I

Count I is L'Esperance's claim that HSBC Lending and four other defendants[5] are liable for "predatory lending, fraudulent and unfair practices, breach of obligation of good faith, and negligence."  L'Esperance asserts that because her loan was not beneficial to her, defendants violated various duties they owed

---

[5] The court presumes that L'Esperance's reference to the "HBSC/Beneficial defendants" is intended to cover, in addition to HSBC Lending, four other entities: HSBC Finance Corporation; HSBC Group; Household International, Inc.; and Beneficial Corporation.

her.  As to the conduct on which Count I is based, L'Esperance

alleges:

> Here, the Defendants granted the Plaintiff a loan that
> was designed to exceed her capacity to successfully
> repay.
>
> Based on all the flaws and violations in the
> loans granted to the Plaintiff by the Defendants, the
> Defendants imposed unfair and abusive terms [on] the
> Plaintiff, the borrower, in the origination of the
> loans.  The Defendants' actions in the servicing of
> the loans constituted unfair, deceptive, and
> fraudulent practices of the Defendants as servicing
> agents during the loan servicing process.
>
> Such actions breached the Defendants' obligations
> of good faith and fair dealing to the Plaintiff, and
> further violated regulations, statutes, common law,
> and their duty of care and dealings to avoid
> prohibiting such predatory lending practices in
> connection with the loans and their agreements and
> transactions with the Plaintiff.

Compl. ¶¶ 28-30.  Based on those allegations, L'Esperance

asserts: "The loans are void as a result of these violations,

and the Plaintiff seeks equitable and monetary damages within

the jurisdiction of this Court."  Compl. ¶ 31.

There are several problems with Count I as it relates to

HSBC Lending.  First and foremost, there are no factual

allegations in the complaint that link HSBC Lending (or any

other named defendant) to L'Esperance's loans.  Both loans were

made by Beneficial NH, which is also L'Esperance's mortgagee.

Yet, L'Esperance's complaint does not mention Beneficial NH at

all, much less allege any relationship between HSBC Lending and

Beneficial NH.  To be sure, L'Esperance alleges that HSBC

Finance Corporation once acquired defendant Household

International, and that Household International had previously

acquired defendant Beneficial Corporation.  And, L'Esperance

alleges that HSBC Lending is also known as, and does business

as, Beneficial Company, LLC.  But L'Esperance got her loan from

<u>Beneficial NH</u>, not Beneficial Corporation or Beneficial Company,

LLC.

     Moreover, as HSBC Lending correctly argues, L'Esperance's

attempt to create a unitary defendant composed of various

corporate entities acting "jointly and through their affiliation

with each other," Compl. ¶ 2, is entirely ineffective.  As the

First Circuit has explained, in the context of an employment-

discrimination claim:

> <u>[E]ach</u> defendant's role in the termination decision
> must be sufficiently alleged to make him or her a
> plausible defendant.  After all, "we must determine
> whether, <u>as to each defendant</u>, a plaintiff's pleadings
> are sufficient to state a claim on which relief can be
> granted."  <u>Sanchez [v. Pereira-Castillo]</u>, 590 F.3d
> [31,] 48 [(1st Cir. 2009)]; <u>see also</u> <u>Peñalbert-Rosa</u>
> <u>[v. Fortuño-Burset]</u>, 631 F.3d [592,] 594 [(1st Cir.
> 2011)] ("[S]ave under special conditions, an adequate
> complaint must include not only a plausible claim but
> also a plausible defendant.").

<u>Ocasio-Hernández v. Fortuño-Burset</u>, 640 F.3d 1, 16 (1st Cir.

2011) (emphasis in the original); <u>cf.</u> <u>Redondo Waste Sys., Inc.</u>

<u>v. López-Freytes</u>, 659 F.3d 136, 141 (1st Cir. 2011) (rejecting

plaintiff's argument that where complaint alleged actions by Puerto Rico Environmental Quality Board ("EQB"), each EQB member "is responsible for everything the complaint alleges EQB did").

Here, L'Esperance makes no allegations that particularize HSBC Lending's role in originating or servicing her loans, and identifies no conduct by any agent of HSBC Lending that might be attributable to HSBC Lending.  Because L'Esperance alleges neither conduct by HSBC Lending nor any conduct for which HSBC Lending might be legally liable, HSBC Lending is entitled to dismissal of Count I.

While there is no need to go any further, the court makes the following observations, in the event L'Esperance chooses to amend her complaint.  HSBC Lending's general criticisms of the complaint as vague and conclusory are largely on target.  For example, in paragraph 29, L'Esperance attaches all sorts of legal labels to defendants' conduct, but neither identifies, specifically, the conduct at issue nor indicates, with any precision, the legal standards that HSBC Lending allegedly violated.  That is not enough to state a claim.  See United Auto Workers, 633 F.3d at 41.  Similarly, in paragraph 30, L'Esperance asserts that HSBC Lending "further violated regulations, statutes, common law . . .," but nowhere indicates what regulations or statutes HSBC Lending violated.  Again,

L'Esperance must do more than that to state a claim.  See Plumbers' Union, 632 F.3d at 771.

Given the facial insufficiency of paragraphs 28 and 29, the only conduct that is alleged with adequate specificity in Count I is this: "the Defendants granted the Plaintiff a loan that was designed to exceed her capacity to successfully repay."  Compl. ¶ 28.  To state a legal claim, however, L'Esperance must not only identify the conduct of one or more specific defendants; she must also identify the statute, regulation, or other legally enforceable rule that has been violated by the conduct alleged. Here, L'Esperance fails to identify any legal authority that proscribes the conduct in which she says defendants engaged.

Finally, the court turns briefly to L'Esperance's prayers for relief.  She concludes Count I, and several others, with the statement that her loans are "void."  But, she does not identify any statute or other legal authority that entitles her to a declaration that her loans are void, nor does she indicate, how, exactly, avoidance of her loans might operate; she has, after all, received the proceeds of those loans which, presumably, were paid out to her previous lender.  Similarly, she does not indicate with any precision the damages she has suffered as a result of defendants' conduct.  If L'Esperance chooses to amend her complaint, she will need to be sure, for each claim she

asserts, that the relief she requests is available under that specific cause of action.

### B. Count II

Count II is L'Esperance's claim that HSBC Lending and four other defendants are liable for "mortgage compliance violations."  She alleges that payments on her home loan require about sixty percent of her monthly income, that payments on her two loans, combined, require approximately 120 percent of her monthly income, and that those debt-to-income ratios exceed "[t]he maximum tolerance for debt to income ratios . . . by Fannie Mae and mortgage compliance regulations and statutes." Compl. ¶ 33.  She also alleges, in Count II, that "[t]he Defendants . . . violated mortgage compliance requirements that the Plaintiff have an ability to repay the loans and reserve a sufficient amount of funds for the other financial needs of her household, was a high cost loan, and granted loans creating multiple risk factors for the Plaintiff." Id.  Count II concludes:

> Based on the Defendants' mortgage compliance violations, and otherwise to originate and service the Plaintiff's loans in a reasonable manner and in conformity with the standards imposed on the industry by statute, regulation, and common law, so as to avoid causing foreseeable damage to the Plaintiff. [sic] The loans are void as a result of these violations, and the Plaintiff seeks equitable and monetary damages within the jurisdiction of this Court.

Id. ¶ 34.  As best the court can tell, the conduct on which Count II is based is the act of loaning money to L'Esperance.

Count II suffers from all the same infirmities as Count I. Most importantly, there are no allegations that link HSBC Lending to any of the "mortgage compliance violations" for which L'Esperance seeks to hold it liable.  Beneficial NH made the loans.  But, there are no allegations that link HSBC Lending to Beneficial NH in any way, much less allegations that link HSBC Lending to Beneficial NH in a way that could result in HSBC Lending assuming liability for Beneficial NH's actions. Accordingly, HSBC Lending is entitled to dismissal of Count II.

That said, the court offers an additional observation on Count II.  While the complaint makes vague references to "mortgage compliance regulations and statutes," it does not specifically identify any regulations or statutes.  That leads to two problems.  First, because L'Esperance has not identified the specific mortgage compliance rules on which Count II is based, it is impossible to determine whether any of those rules even provide a private right of action in the event they are violated.  Second, and perhaps more importantly, L'Esperance's vague reference to mortgage compliance rules is hardly sufficient to put any defendant on notice of the legal claims it needs to defend.  See Redondo, 659 F.3d at 141.

C. Count III

Count III is L'Esperance's claim that HSBC Lending and four other defendants "failed to provide sufficient, adequate, and timely disclosures and notices under ECOA, FACTA, and RESPA, and committed other statutory and common law violations."  Compl. ¶ 37.  L'Esperance has adequately alleged that HSBC Lending did not provide her with any disclosures under ECOA, FACTA, or ECOA, whatever those may be.[6]

That HSBC Lending did not provide L'Esperance with disclosures and notices is legally insignificant unless: (1) it had a duty to provide disclosures or notices; and (2) L'Esperance has a cause of action based on its failure to do so. Count III, however, does not indicate what disclosures or notices are required by the statutes it cites, who is required to provide those disclosures and notices, or the circumstances under which they are required.  Thus, it falls far short of adequately alleging that HSBC Lending engaged in any actionable conduct by not providing disclosures or notices.  Beyond that, the complaint provides neither specific nor general citations to the United States Code, thus leaving it to defendants to hunt down ECOA, FACTA, and RESPA (and perhaps HOEPA), comb through those statutes to locate the requirements they impose on lenders

---

[6] What is not adequately explained, however, is why HOEPA appears in the heading of Count III, but not in the text.

and the rights they give borrowers, and then guess at what L'Esperance's claims are.  To be sure, the Federal Rules require only notice pleading, but defendants are entitled to far more notice than they are given by the claims of ECOA, FACTA, and RESPA violations asserted in Count III.  See Redondo, 659 F.3d at 141 ("The whole point of notice pleading is to apprise defendants of the claims against them . . . .").  L'Esperance's reference to "other statutory and common law violations" is even less informative.  Thus, HSBC Lending is entitled to dismissal of Count III.

### D. Count IV

Count IV is L'Esperance's claim that HSBC Lending and four other defendants are liable for negligent, fraudulent, or intentional misrepresentation, because

> [t]he Defendants made statements during the loan
> origination and loan servicing process that were made
> with the purpose of inducing the Plaintiff into
> acquiring the aforementioned loans, including but not
> limited to that the Plaintiff's interest rate would
> adjust downwards after the first six months, in
> extending a loan modification but only on temporary
> terms, in failing to advise the Plaintiff of her
> ability to negotiate her loan, in offering a loan on
> predatory and usurious terms.

Compl. ¶ 39.

As a preliminary matter, the court notes that while Count IV is a claim for misrepresentation, only one of the items in L'Esperance's list of defendants' alleged misdeeds is actually a

16

statement.  Therefore, the only conduct potentially actionable as misrepresentation is defendants' statement that L'Esperance's interest rate would be adjusted downward if she made her first six monthly payments on time.

In New Hampshire, intentional misrepresentation is also known as fraud.  See Tessier v. Rockefeller, 162 N.H. 324, 332 (2011) (quoting Patch v. Arsenault, 139 N.H. 313, 319 (1995)). As HSBC Lending correctly notes, "[i]n alleging fraud . . . a party must state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  "To satisfy this particularity requirement, the pleader must set out the 'time, place, and content of the alleged misrepresentation with specificity.'"  Tambone, 597 F.3d at 442 (quoting Greebel v. FTP Software, Inc., 194 F.3d 185, 193 (1st Cir. 1999)).  Moreover, "Rule 9(b) requires not only specifying the false statements and by whom they were made but also identifying the basis for inferring scienter."  N. Am. Catholic Educ. Prog. Found., Inc. v. Cardinale, 567 F.3d 8, 13 (1st Cir. 2009) (emphasis added).

In her complaint, under the heading "General Allegations," L'Esperance alleges: "When it came to close the loan, Defendants explicitly promised, through their representatives, agents, or employees, that if she paid on time for the first 6 months, they would adjust the interest rate down . . . ."  Compl. ¶ 10.  In

Count IV she alleges: "The Defendants made statements during the loan origination and loan servicing process . . . including but not limited to that the Plaintiff's interest rate would adjust downwards after the first six months . . . ."  Compl. ¶ 39.

By attributing the allegedly false statement in this case to the "representatives, agents, or employees" of no fewer than five named defendants, L'Esperance has fallen far short of the specificity required by Rule 9(b).  See Cardinale, 567 F.3d at 13.  Moreover, while Cardinale involves the Rule 9(b) standard applicable to intentional misrepresentation, L'Esperance's failure to attribute the allegedly false statement to any individual defendant makes her allegation insufficient even under the more lenient Rule 8(a)(2) pleading standard that, arguably, applies to her claim for negligent misrepresentation.

Not only has L'Esperance failed to identify the person(s) who made the statement on which Count IV is based, she does not allege when or where the statement was made.  That is a yet another shortcoming of her intentional misrepresentation claim.  See Tambone, 597 F.3d at 442.  Finally, to the extent that any of the claims in Count IV require a showing of scienter, L'Esperance's allegation that "[t]he Defendants knew or should have known that such representations were false," Compl. ¶ 39, is insufficient.  See Cardinale, 567 F.3d at 13.  Because

L'Esperance has failed to state her claims for either
intentional or negligent misrepresentation with the requisite
level of specificity, HSBC Lending is entitled to dismissal of
Count IV.

        E. Count V

        Count V is L'Esperance's claim that HSBC Lending and four
other defendants are liable for failing to provide her with a
permanent modification of her loan under the HAMP.[7]  While
L'Esperance alleges that "Defendants breached their obligations
to the Plaintiff" under HAMP, Compl. ¶ 49, L'Esperance's lender
was Beneficial NH, which is not one of the named defendants in
this case.  L'Esperance may or may not have been owed legally
enforceable duties arising from or based upon HAMP, a question
the court leaves for another day.[8]  But even if she were owed

─────────────

        [7] L'Esperance also seems to assert, in Count V, that even if
her lender was not a participant in HAMP, defendants were
obligated to modify her loan "by contract, in common law, and by
obligation to act in good faith and deal fairly with [her]."
Compl. ¶ 49.  She does not further identify any contract
provision or common-law rule that imposes such an obligation.

        [8] For the proposition that she has a private right of action
arising from defendants' alleged violations of the federal HAMP
guidelines, L'Esperance relies on Parker v. Bank of America, NA,
Civ. Action No. 11-1838, 2011 WL 6413615 (Mass. Super. Ct. Dec.
16, 2011).  In Parker, Justice Billings determined that a
homeowner had a cause of action for breach of contract for HAMP
violations, based upon a third-party beneficiary theory.  In so
ruling, he identified the opinion on which he relied, Marques v.
Wells Fargo Home Mortgage, Inc., 09-1985-L, 2010 WL 3212341
(S.D. Cal. Aug. 12, 2010), and then observed that since Marques

duties under HAMP, there are no factual allegations in the complaint to support a claim that <u>HSBC Lending</u> owed her those duties. L'Esperance alleges actions by "defendants," collectively, but no action by HSBC Lending, or any employee or other agent of HSBC Lending. Because Count V does not adequately specify HSBC Lending's alleged wrongdoing, HSBC Lending is entitled to dismissal of Count V.

### F. Count VI

Count VI is L'Esperance's claim that all defendants are liable for violating New Hampshire's Consumer Protection Act. Count VI suffers from the same lack of specificity as the previous five counts; L'Esperance alleges no acts or omissions by HSBC Lending other than those vaguely attributed to all the defendants, none of whom are her lender. HSBC Lending cannot defend against L'Esperance's claims without being given some indication of what it, or its agents, are alleged to have done. <u>See</u> <u>Ocasio-Hernández</u>, 640 F.3d at 16. In addition, the unlawful acts L'Esperance purports to specify in paragraph 52 of her complaint are merely legal conclusions that are insufficient to state a claim. <u>See</u> <u>Plumbers' Union</u>, 632 F.3d at 771. For both

---

was decided, "every court in the District of Massachusetts (and as far as I know, elsewhere) to consider the issue has rejected the <u>Marques</u> holding." <u>Parker</u>, 2011 WL 6413615, at *8. Thus, aside from the complaint's pleading deficiencies <u>vis à vis</u> HSBC Lending, Count V, as a whole, would appear to be hanging by a very delicate thread, legally.

of those reasons, HSBC Lending is entitled to dismissal of Count
VI.

### G. Count VII

Count VII is L'Esperance's claim that all defendants are
liable for engaging in willful and oppressive conduct, which,
she says, entitles her to enhanced compensatory damages and
attorneys' fees.  Willful and oppressive conduct is not a cause
of action.  Rather, it is a factor that, when found, may allow
for an award of enhanced damages.  In any event, because HSBC
Lending is entitled to dismissal of Counts I-VI, it is
necessarily entitled to dismissal of Count VII.

## Conclusion

For the reasons stated above, HSBC Lending's motion to
dismiss, document no. 5, is granted, but without prejudice to
L'Esperance's filing an amended complaint.  If L'Esperance
decides to file an amended complaint, she should pay careful
attention to the requisite pleading standards.  Specifically,
while L'Esperance correctly observes that "[a] party may set out
2 or more statements of a claim . . . alternatively or
hypothetically . . . in a single count," Fed. R. Civ. P.
8(d)(2), many of L'Esperance's counts go far beyond that, by
lumping together entirely disparate legal theories such as

negligence and breach of contract.  Such an approach is decidedly unhelpful to both defendants and the court.

In stating each of her claims, L'Esperance should strive to identify, with some precision, the allegedly unlawful conduct, the defendant(s) who engaged in that conduct, the particular rule of law that is violated by the alleged conduct, and the relief to which she would be legally entitled if she were to prevail on that particular claim.  In other words, vague blanket assertions that a group of defendants' unspecified conduct violated unstated standards imposed by unidentified statutes, regulation and/or the common law, i.e., the sort of claims that permeate the current complaint, if reasserted in an amended complaint, are not likely to survive another motion to dismiss.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

February 1, 2012

cc:   Jason D. Gregoire, Esq.
      Michel R. Stanley, Esq.
      Shenanne Ruth Tucker, Esq.
      John-Mark Turner, Esq.