```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

<u>Linda L'Esperance</u>

    v.                                               Civil No. 11-cv-555-LM
                                                         Opinion No. 2012 DNH 155

<u>Manhattan Mortgage Corporation</u>


**O R D E R**

Based on the court's order of June 12, 2012, document no. 32, this case now consists of Linda L'Esperance's claims against Manhattan Mortgage Corporation ("Manhattan") for: (1) negligent, fraudulent, or intentional misrepresentation (Count IX); (2) violation of New Hampshire's Consumer Protection Act ("CPA"), New Hampshire Revised Statutes Annotated ("RSA") chapter 358-A (Count X); (3) negligence, breach of contract, and breach of the obligation of good faith and fair dealing (Count XII); and (4) negligence (Count XIII).  Before the court is L'Esperance's motion for default judgment.  The court heard oral argument on August 17, 2012.  For the reasons that follow, L'Esperance's motion for default judgment is denied.

**The Legal Standard**

Default has entered.  <u>See</u> doc. no. 33.  Thus, Manhattan is "taken to have conceded the truth of the factual allegations in

the complaint as establishing the grounds for liability." S.E.C. v. New Futures Trading Int'l Corp., No. 11-cv-532-JL, 2012 WL 1378558, at *1 (D.N.H. Apr. 20, 2012) (quoting Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59, 62-63 (1st Cir. 2002)). But, while "a defaulting party admits the factual basis of the claims asserted against it, the defaulting party does not admit the legal sufficiency of those claims." 10 James Wm. Moore, Moore's Federal Practice § 55.32[1][b] (3d ed. 2011) (citing Quirindongo Pacheco v. Rolon Morales, 953 F.2d 15, 16 (1st Cir. 1992)). Accordingly, "[t]he claimant must state a legally valid claim for relief," 10 Moore's, supra, and "[a] court may grant judgment by default only for relief that may lawfully be granted on the well-pleaded facts alleged by the claimant," id. (emphasis added). Therefore, "a district court may, after entry of default, still conclude that a complaint fails to state a claim." Feliciano-Hernández v. Pereira-Castillo, 663 F.3d 527, 537 n.5 (1st Cir. 2011) (citing Ramos-Falcón v. Autoridad de Energía Eléctrica, 301 F.3d 1, 2 (1st Cir. 2002)).

As the court of appeals for this circuit has recently explained, the process for determining whether a complaint states a claim involves two steps:

> Step one: isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements.

> [Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1,] 12
> [(1st Cir. 2011)] (discussing, among other cases,
> Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949
> (2009), and Bell Atl. Corp. v. Twombly, 550 U.S. 544,
> 555 (2007)).  Step two: take the complaint's well-pled
> (i.e., non-conclusory, non-speculative) facts as true,
> drawing all reasonable inferences in the pleader's
> favor, and see if they plausibly narrate a claim for
> relief.  Id. (again, discussing Iqbal and Twombly,
> among others); see also S.E.C. v. Tambone, 597 F.3d
> 436, 441-42 (1st Cir. 2010) (en banc).  Plausible, of
> course, means something more than merely possible, and
> gauging a pleaded situation's plausibility is a
> "context-specific" job that compels [a court] "to draw
> on" [its] "judicial experience and common sense."
> Iqbal, 129 S. Ct. at 1949, 1950.  And in performing
> [its] review, [a court] consider[s] (a) "implications
> from documents" attached to or fairly "incorporated
> into the complaint," (b) "facts" susceptible to
> "judicial notice," and (c) "concessions" in
> plaintiff's "response to the motion to dismiss."
> Arturet-Vélez v. R.J. Reynolds Tobacco Co., 429 F.3d
> 10, 13 n.2 (1st Cir. 2005); see also Haley v. City of
> Boston, 657 F.3d 39, 44, 46 (1st Cir. 2011).

Schatz v. Rep. State L'ship Comm., 669 F.3d 50, 55-56 (1st Cir. 2012) (footnote and parallel citation omitted).

**Background**

Given the court's obligation to determine whether any of L'Esperance's claims would pass muster under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Federal Rules"), the following background is drawn from L'Esperance's amended complaint, document no. 20.

In the portion of her complaint that identifies the parties, L'Esperance alleges that "Manhattan Mortgage . . .

3

transacted business with [her] . . . by sending her an application for their services to assist in acquiring a loan modification, . . . [making] misrepresentations regarding the quality and nature of the services they could and would deliver, and accepting [her] fee for said service, which as alleged below, was never delivered." Am. Compl. ¶ 20. The "General Allegations" section of her complaint includes the following:

> Defendant Manhattan Mortgage Corporation held itself out as having the willingness and ability to assist the Plaintiff in acquiring a loan modification after her efforts with her lenders had failed. Defendant Manhattan Mortgage Corporation specifically represented that it, through its staff, employees, agents, and/or representatives had an intrinsic working knowledge of the mortgage industry, modifications, federal funding and criteria for modifications, the Plaintiff's lender in particular, and specifically that it could successfully effectuate a modification of the Plaintiff's loans. Based on these promises, and this agreement, the Plaintiff paid Manhattan Mortgage Corporation in the order of $2,195.00 for their represented services. However, Manhattan Mortgage failed to effectuate a modification, and failed to appeal the initial disapproval, despite their contract and express promises that they could and would carry this out on the Plaintiff's behalf.

Id. ¶ 44. That is the full extent of the complaint's factual allegations concerning Manhattan. However, a document titled "Site Check Draft Authorization" (hereinafter "authorization form") that was executed by L'Esperance and attached to her motion for default judgment provides as follows:

4

> The services MANHATTAN MORTGAGE CORPORATION shall provide are, but may not be limited to: preparing a loan modification package, preparing financial information, telephoning, faxing and negotiating a potential loan modification request. . . .
>
> MANHATTEN MORTGAGE CORPORATION . . . makes no guarantees, representations, specific performance, or outcome of a loan modification request made to a lender.  I understand and agree that no loan modification guarantees have been promised to me, verbally or in writing, and that final approval of any loan modification request(s) MANHATTAN MORTGAGE CORPORATION submits on my behalf is subject to lender guidelines, acceptance and approval.

Pl.'s Mot. Default J., Ex. A (doc. no. 34-2), at 2.  Given that L'Esperance has brought a claim for breach of contract, and the authorization form is the agreement between L'Esperance and Manhattan, that document is fairly incorporated into L'Esperance's complaint.  See Bedall v. State St. Bank & Tr. Co., 137 F.3d 12, 17 (1st Cir. 1998) ("When . . . a complaint's factual allegations are expressly linked to – and admittedly dependent upon – a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6).") (citations omitted).

## Discussion

Having described the relevant legal standard, and the facts of this case, the court turns to each of the four counts in L'Esperance's complaint that assert claims against Manhattan.

A. Count IX

Count IX is L'Esperance's misrepresentation claim.  In it, she asserts:

> Manhattan Mortgage Corporation made statements regarding [its] abilities, knowledge, competence, and intentions of successfully accomplishing a loan modification for the Plaintiff that were made with the purpose of inducing the Plaintiff into paying for such proffered services, including but not limited to all promises as outlined in the general allegations portion of this Writ.  The Defendants knew or should have known that such representations were false.  The Plaintiff reasonably and justifiably relied on such statements to her detriment.

Am. Compl. ¶ 105.  The "promises" outlined in the general allegations portion of the complaint are those described in paragraph 44, which is quoted above, in full.  Count IX fails to state a misrepresentation claim against Manhattan for several reasons.

First, at least with respect to a claim for intentional misrepresentation, L'Esperance is obligated to "state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b); see also Tessier v. Rockefeller, 162 N.H. 324, 332 (2011) ("In order to withstand a motion to dismiss, the plaintiff must specify the essential details of the fraud, and specifically allege the facts of the defendant's fraudulent actions.") (quoting Jay Edwards, Inc. v. Baker, 130 N.H. 41, 46-47 (1987)) (emphasis in Jay Edwards).  "To satisfy [the]

6

particularity requirement [under the Federal Rules], the pleader must set out the 'time, place, and content of the alleged misrepresentation with specificity.'" Tambone, 597 F.3d at 442 (quoting Greebel v. FTP Software, Inc., 194 F.3d 185, 193 (1st Cir. 1999)). L'Esperance's allegations of who said what to whom fall far short of the specificity necessary to state a claim for intentional misrepresentation under the Rule 9(b) pleading standard. And, those allegations are probably inadequate to state a claim for negligent misrepresentation under the Rule 8(a)(2) pleading standard. Moreover, to the extent that L'Esperance's misrepresentation claim is based on a supposed statement by Manhattan "that it could successfully effectuate a modification of [her] loans," Am. Compl. ¶ 44, that allegation cannot stand in the face of the authorization form, in which L'Esperance acknowledged that Manhattan had made no guarantees concerning the outcome of its attempt to secure a modification of her mortgage loan. See Schatz, 669 F.3d at 56 n.3 ("the documents [fairly incorporated into a complaint] may trump the complaint's allegations if a conflict exists") (citing Clorox Co. P.R. v. Proctor & Gamble Commercial Co., 228 F.3d 24, 32 (1st Cir. 2000)).

Beyond that, it is not at all clear that L'Esperance has adequately alleged that any of the statements on which she

7

relies are false statements, which is a necessary element of a claim for either intentional or negligent misrepresentation. Based upon paragraph 44 of her amended complaint, L'Esperance appears to allege that Manhattan made false statements when it said that: (1) it had the willingness and ability to assist her in acquiring a loan modification; (2) it had an intrinsic knowledge of the mortgage industry and the modification process; and (3) it could successfully effectuate a modification of her mortgage.  But, she does not allege any facts which, if proven, would render any of those statements false at the time they were made.  That is, she alleges no facts concerning Manhattan's actual willingness and ability to assist her in getting a loan modification, and no facts concerning Manhattan's actual knowledge of the mortgage industry and the modification process. Regarding the alleged promise of a successful outcome, L'Esperance alleges no facts that, if proven, would demonstrate that when Manhattan made that promise, it had no intention of keeping it, which is a necessary element of a misrepresentation claim based on a promise.  See Thompson v. H.W.G. Grp., Inc., 139 N.H. 698, 701 (1995) ("A promise . . . will only give rise to a claim of misrepresentation if, at the time it was made, the defendant had no intention to fulfill the promise.") (citation omitted).

8

Instead of making the requisite factual allegations, L'Esperance appears to rely exclusively on Manhattan's lack of success in securing a modification of her mortgage, and its failure to appeal the initial disapproval of her request for a modification, as proof of the falsity of Manhattan's statements. That is not enough, especially in light of L'Esperance's express acknowledgment, in the authorization form, that Manhattan made no promises about the outcome of its attempt to secure a modification.[1]

Finally, the complaint falls short with regard to alleging the requisite state(s) of mind of the speaker(s) responsible for the alleged misrepresentations. As explained in the court's order dismissing the claims against the other defendants, allegations of scienter are necessary to state a claim for intentional misrepresentation. See L'Esperance v. HSBC Consumer Lending, Inc., No. 11-cv-555-LM, 2012 WL 2122164, at *13 (D.N.H. June 12, 2012). As with L'Esperance's allegations against those

---

[1] With respect to Manhattan's alleged failure to appeal, the court notes that appealing an initial adverse decision is not one of the services Manhattan promised to perform in the authorization form, and L'Esperance makes no specific allegation that Manhattan ever promised to file an appeal. Moreover, by analogy to the elements of a claim for legal malpractice, it would seem that a failure to appeal would only cause injury if the appeal was likely to have succeeded, and L'Esperance makes no allegations concerning the merits of her modification request or the chances of a successful appeal of the initial denial.

other defendants, she has not adequately alleged scienter with respect to Manhattan.  Similarly, allegations concerning a failure to exercise reasonable care before making a statement are necessary to state a claim for negligent misrepresentation.  See id. at *14.  Here, too, L'Esperance' complaint misses the mark.

Because L'Esperance has not alleged misrepresentation with adequate specificity, because she has not actually alleged a false statement of fact, and because her complaint does not contain adequate allegations regarding the state(s) of mind of the relevant speaker(s), who remain unidentified, she has failed to state a claim for misrepresentation.  As a consequence, she is not entitled to default judgment on the misrepresentation claim she asserts in Count IX.

### B. Count X

Count X is L'Esperance's claim under the CPA, that Manhattan "held its services out to be of a standard and quality, based on expertise and unique knowledge, when such services were not of said standard or quality."  Am. Compl. ¶ 108(f).  The CPA does, indeed, make it unlawful for a person to "[r]epresent that . . . services are of a particular standard, quality, or grade . . . if they are of another," RSA 358-A:2, VII.  L'Esperance, however, makes no factual allegations

10

concerning: (1) what Manhattan said about its expertise and unique knowledge; or (2) the actual level of Manhattan's expertise and knowledge.  Without allegations about what Manhattan said, or the actual state of Manhattan's expertise and knowledge, L'Esperance has not alleged a false representation concerning the standard and quality of the services Manhattan provided to L'Esperance.  L'Esperance is not entitled to default judgment on the claim she asserts in Count X because she does little more than recite the elements of her cause of action, and "a formulaic recitation of the elements of a cause of action will not do" to state a claim on which relief can be granted. United Auto. Workers of Am. Int'l Union v. Fortuño, 633 F.3d 37, 41 (1st Cir. 2011) (quoting Iqbal, 556 U.S. at 678); see also Schatz, 669 F.3d at 55 (explaining that when ruling on Rule 12(b)(6) motions, courts should "isolate and ignore statements in the complaint that . . . merely rehash cause-of-action elements").

    C. Count XII

    In Count XII, L'Esperance asserts a claim under three separate legal theories.  Specifically, she claims that Manhattan's

> failure to acquire the modification as required under
> the contract was in breach of contract, in breach of
> the Defendant's obligations to deal fairly and in good

11

> faith with the Plaintiff, and/or was the result of the Defendant's direct or vicarious liability of its agents/employees/representative's negligence within the scope of employment and in connection with the rendering of the contracted services and in failing to take a timely appeal.

Am. Compl. ¶ 117. L'Esperance has failed to state a claim for breach of contract because the contract on which she is suing expressly disclaims any guarantee concerning the outcome of Manhattan's attempt to secure a modification of L'Esperance's mortgage. That is, the contract did not require Manhattan to acquire a modification. L'Esperance has failed to state a claim for negligence because the only duties she alleges Manhattan breached are those it assumed under its agreement with her, and in New Hampshire, "[a] breach of contract standing alone does not give rise to a tort action." Bennett v. ITT Hartford Grp., Inc., 150 N.H. 753, 757 (2004) (citing Lawton v. Great Sw. Fire Ins. Co., 118 N.H. 607, 613 (1978)).

L'Esperance's claim for breach of the obligation of good faith and fair dealing is also fatally flawed. According to the New Hampshire Supreme Court:

> In every agreement, there is an implied covenant that the parties will act in good faith and fairly with one another. Livingston v. 18 Mile Point Drive, 158 N.H. 619, 624 (2009). In New Hampshire, there is not merely one rule of implied good-faith duty, but a series of doctrines, each of which serves a different function. Id. The various implied good-faith obligations fall into three general categories: (1)

>contract formation; (2) termination of at-will
>employment agreements; and (3) limitation of
>discretion in contractual performance. Id.

Birch Broad., Inc. v. Capitol Broad. Corp., 161 N.H. 192, 198 (2010) (parallel citation omitted). While L'Esperance broadly alleges that Manhattan breached its obligation to deal with her fairly and in good faith, she elaborates no further, and does not indicate which good faith obligation(s) Manhattan failed to fulfill.

Plainly, this case does not involve the second category of good faith and fair dealing, which pertains to discharge from at-will employment. To the extent that L'Esperance asserts a claim based on the first category, any such claim fails as a result of her failure to allege scienter. See L'Esperance, 2012 WL 2122164, at *18-19. That leaves the third category.

In its landmark opinion on the implied covenant of good faith and fair dealing, the New Hampshire Supreme Court described the rule underlying the limitation of discretion in contract performance:

>[U]nder an agreement that appears by word or silence
>to invest one party with a degree of discretion in
>performance sufficient to deprive another party of a
>substantial proportion of the agreement's value, the
>parties' intent to be bound by an enforceable contract
>raises an implied obligation of good faith to observe
>reasonable limits in exercising that discretion,

13

> consistent with the parties' purpose or purposes in contracting.

Centronics Corp. v. Genicom Corp., 132 N.H. 133, 143 (1989).

As a preliminary matter, the court is far from certain that the agreement on which L'Esperance bases her claim "allow[ed] or confer[ed] upon [Manhattan] a degree of discretion in performance tantamount to a power to deprive [L'Esperance] of a substantial proportion of the agreement's value." Centronics, 132 N.H. at 144. To the contrary, in the authorization form, Manhattan represented that it would prepare a loan modification package and financial information. Pl.'s Mot. for Default J., Ex. A (doc. no. 34-2), at 2. If the agreement had given Manhattan the power to do nothing at all, or next to nothing, at its own discretion, and if L'Esperance had alleged that Manhattan had done nothing, then perhaps L'Esperance would have stated a claim. But, the agreement itself demonstrates that Manhattan did not have the degree of discretion described in Centronics, and L'Esperance does not allege that Manhattan did nothing. Rather, she only alleges that despite Manhattan's efforts, she did not receive a loan modification and that Manhattan did not appeal the lender's denial of a loan modification.

L'Esperance may believe that she was deprived of a substantial proportion of the agreement's value because she did not get a loan modification.  But, the authorization form made it abundantly clear that the agreement's value was the effort made by Manhattan, not the success of those efforts, which was beyond Manhattan's control, as was also stated in the authorization form.  And, with regard to Manhattan's decision not to appeal the initial denial of L'Esperance's application for a modification, L'Esperance has alleged no facts tending to show that there even was an appeal process or that Manhattan's decision not to appeal was not reasonable under the circumstances.  It could hardly be said that Manhattan did not reasonably exercise its discretion in contract performance by deciding not to file an appeal if such an appeal was unlikely to succeed, and L'Esperance makes no factual allegations concerning the relative strength of the appeal it says Manhattan should have pursued.  In sum, L'Esperance has not stated a claim for the third kind of breach of the implied covenant of good faith and fair dealing.

Having failed to state a claim for breach of contract, negligence, or breach of the implied covenant of good faith and fair dealing, L'Esperance is not entitled to a default judgment on Count XII.

15

D. Count XIII

Count XIII is L'Esperance's claim that Manhattan is liable to her in negligence because it "breached its duty of reasonable care to [her] in failing to deliver the services for which it was hired." Am. Compl. ¶ 123. Count XIII does not state a claim because, as the court has already noted, "[a] breach of contract standing alone does not give rise to a tort action." Bennett, 150 N.H. at 757 (citation omitted). Because L'Esperance has failed to state a claim for negligence, she is not entitled to a default judgment on Count XIII.

## Conclusion

For the reasons described above, L'Esperance's motion for default judgment, document no. 34, is denied. The clerk of the court shall enter judgment in accordance with this order and close the case.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

September 5, 2012
cc:   Jason D. Gregoire, Esq.
      Michael R. Stanley, Esq.
      Shenanne Ruth Tucker, Esq.
      John-Mark Turner, Esq.